**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kenneth William Colassi

    v.                                    Civil No. 10-cv-200-JL

Kathleen Sebelius, Secretary,
United States Department of
Health and Human Services[1]


**O R D E R**

Pursuant to 42 U.S.C. § 405(g), pro se claimant Kenneth Colassi appeals the final decision of the Social Security Administration ("SSA") affirming the decision of the Administrative Law Judge ("ALJ") denying him the full relief he sought. Because claimant is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine whether it states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

---

[1] This action is brought pursuant to 42 U.S.C. 405(g), which authorizes suits only against the Secretary of the Department of Health and Human Services; no other agency or official of any federal, state, or local government is a proper defendant in this matter. See Degnan v. Sebelius, 658 F. Supp. 2d 969, 976 n.1 (D. Minn. 2009). Colassi has named several other defendants to this action, but the matter will be construed to name only Kathleen Sebelius, the Secretary of the United States Department of Health and Human Services, as a defendant in this matter.

Standard of Review

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949

(2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

In 1986, Kenneth Colassi went to a doctor in Massachusetts complaining that he was having heartburn and some pain with swallowing. Tests revealed a stricture in Colassi's esophagus. The doctor performed a dilation to correct the problem. Colassi claims that the procedure damaged his stomach valve and that he has had, for the last 24 years, ongoing problems with pain and sleep related to that 1986 injury. Colassi believes that he will develop a form of esophageal cancer as a result of the injury he suffered. Colassi also states that he has debilitating arthritis in his lumbar spine.

Colassi has been trying to obtain social security disability benefits for these conditions since 2003.  Colassi has been unable to work consistently due to his physical ailments.  Colassi has also, of late, been involved in custody and child support litigation regarding his two minor children.  The custody litigation has caused Colassi a great deal of stress.  Colassi believes that the litigation has not been successful for him because New Hampshire state officials, among others, hate him and have conspired to deprive him of his parental rights, money and property.  Colassi believes that some link exists between the animus for him allegedly held by state officials and the difficulty he has encountered attempting to get social security benefits, as well as the ultimate denial of those benefits.

On March 29, 2007, Colassi received notice that an Administrative Law Judge ("ALJ") with the Social Security Administration's ("SSA") Office of Disability Adjudication and Review made a "fully favorable" decision regarding his request for benefits.  Despite the "fully favorable" finding, Colassi's award was significantly reduced or eliminated due to income he had earned.  Colassi disputes the appropriateness of this consideration, given his inability to continue to work.  Colassi requested a review of the award determination.  The request for review was denied by the SSA Office of Disability Adjudication

and Review Appeals Council ("Appeals Council") on March 25, 2010.  The denial instructed Colassi that he was entitled to seek court review of the final decision of the ALJ as affirmed by the Appeals Council.  This appeal followed.

## Discussion

42 U.S.C. § 405(g) provides for judicial review of a decision of the SSA:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

Colassi has complied with the requirements of the statute that direct him to obtain a final decision from the Commissioner of the SSA, and then to file this appeal within sixty days of the mailing of that decision.  Accordingly, I find that this matter is appropriately before this Court and may proceed at this time.

Colassi includes in his complaint a number of other complaints about his treatment at the hands of various New Hampshire officials.  Colassi specifically indicates that these issues have already been the subject of previous suits in this Court.  Colassi has not named any of the officials he implicates in those matters as defendants to this action.  Accordingly, I presume the discussion has been included as contextual

background for his present SSA decision appeal, and I will not consider those matters as independent claims. By his own assertion, Colassi intends this action as an appeal of the denial of social security benefits, and I will treat it as such.

## Conclusion

I order that the complaint be served upon the defendant. The Clerk's office is directed to issue the necessary summons forms and forward to: (i) the United States Attorney for the District of New Hampshire; (ii) the Attorney General of the United States; (iii) the Social Security Administration; and (iv) Kathleen Sebelius, Secretary, United States Department of Health and Human Services, by certified mail, return receipt requested, the summonses, copies of the complaint (document no. 1), and this Order. See Fed. R. Civ. P. 4(c)(2) and 4(i).

Defendant is instructed to answer or otherwise plead within sixty days of service. See Fed. R. Civ. P. 12(a)(2).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

The Clerk's Office is directed to amend the docket in this matter to reflect that the sole defendant in this case is

Kathleen Sebelius, Secretary, United States Department of Health and Human Services.

    SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 18, 2010

cc: Kenneth William Colassi, pro se

LBM:jba